CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 23 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEVIN R. WILLIAMS, ) | |
|     Petitioner, ) | Civil Action No. 7:07cv00019 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MS. BAYS, et al., ) | By: Samuel G. Wilson |
|     Defendant ) | United States District Judge |
| ) | |

Kevin R. Williams ("Williams"), an inmate proceeding pro se, brings this suit claiming that the defendants violated his constitutional rights when they failed to provide him with adequate medical care, subjected him to cruel and unusual living conditions, and transferred him to his current facility to retaliate against him. The court referred the matter to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). The Magistrate Judge filed a Report and Recommendation, finding that Williams did not state a claim and recommending dismissal pursuant to 28 U.S.C. § 1915A(b)(1) and Williams filed objections. Having reviewed the Report and Recommendation, the objections thereto, and all relevant portions of the record de novo in accordance with 28 U.S.C. § 636(b)(1), the court finds that the Report and Recommendation's conclusions should be adopted for all claims except as to the conclusion that the defendants' actions after discovering razor blades in Williams' abdomen could not constitute a claim for the denial of medical care. For the reasons set forth below, the court finds that the defendants' actions surrounding this specific incident state a claim as to whether the defendants demonstrated deliberate indifference towards Williams' medical needs. Therefore, the court will not dismiss Williams' denial of medical care claim at this time, and the court will adopt the remaining recommendations of the Magistrate Judge and dismiss Williams' other claims.

**I.**

Since the Magistrate Judge clearly laid out the factual background surrounding this case in his Report and Recommendation, the court will merely note that one of Williams' claims is that the defendants denied him medical care after initially taking an x-ray of Williams and discovering he swallowed razor blades on March 8 or 9, 2004. In his Report and Recommendation, the Magistrate Judge found that all of Williams' allegations failed to state a claim upon which relief may be granted and recommended dismissal of Williams' complaint pursuant to 28 U.S.C. § 1915A(b)(1). Williams filed objections regarding all claims within the ten days as required under 28 U.S.C. § 636(b), essentially reiterating his general grievances and asserting that his claims for injunctive relief were not moot.

**II.**

The court is charged with making a de novo determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made and may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). After reviewing the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Williams' objections, the court agrees with the conclusions of the Magistrate Judge as to all recommendations, with one exception. Accordingly, the court adopts and incorporates the Report and Recommendation by reference except to the extent indicated below.

In considering the Magistrate Judge's recommendation that Williams failed to state a claim for the denial of medical care under the Eighth Amendment, the court considers all facts

Case 7:07-cv-00019-SGW-mfu   Document 12   Filed 05/23/07   Page 2 of 4   Pageid#: 251

and allegations contained in Williams' complaint as well as his objections to the Report and Recommendation. Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it punishes by incarceration. Estelle v. Gamble, 429 U.S. 97, 103 (1976). In order to state a claim for the denial of medical care, Williams must allege facts sufficient to demonstrate that a correctional officer demonstrated "deliberate indifference" to a serious medical need. Id. at 104. Williams must show that the defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). The court agrees with and adopts the Magistrate Judge's recommendation that Williams' claims that his denial of a single cell or transfer, placement in segregation, and denial of certain medications do not constitute cognizable claims under the Eighth Amendment. However, the court finds that the defendants' alleged treatment of Williams after discovering that Williams swallowed a razor blade states a claim as to whether the defendants displayed deliberate indifference toward a serious medical need. Williams claims that after March 8 or 9, 2004, when the defendants first x-rayed him and found two razor blades in his abdomen, the only treatment provided to him by WRSP was placement in a mental health cell on suicide watch with no mattress or pillow and only a safety blanket and smock for nearly a week, at which time the defendants placed Williams back into segregation. After the defendants discovered the presence of the razor blades in their initial x-ray on March 8 or 9, 2004, there is no evidence that the defendants gave Williams any medical care or further x-rays to determine whether Williams seriously injured himself or if he had passed the razor blades. This behavior may rise to the level of deliberate indifference to a serious medical need and it would therefore be premature to dismiss Williams' denial of medical

care claim at this juncture.

### III.

For the reasons set forth above, the court finds that the defendants' actions after discovering Williams swallowed razor blades on March 8 or 9, 2004 raise a claim as to whether defendants demonstrated deliberate indifference towards Williams' medical needs and it is therefore premature to dismiss Williams' denial of medical care claim at this time. The court adopts the remaining recommendations of the Magistrate Judge and dismisses Williams' cruel and unusual living conditions claim and his retaliatory transfer claim.

**ENTER**: This 23nd day of May, 2007

UNITED STATES DISTRICT JUDGE