CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 03 2007

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEVIN R. WILLIAMS, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07cv00019 |
| | ) | |
| v. | ) | |
| | ) | |
| KIMBERLY BAYS, et al., | ) | By: Hon. Michael F. Urbanski |
| Defendants. | ) | United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Kevin R. Williams ("Williams"), an inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Williams alleges that the defendants failed to provide him with adequate medical care, subjected him to cruel and unusual living conditions, and transferred him to his current facility to retaliate against him.[1] By Order entered March 16, 2007, all dispositive matters in this action were referred to the undersigned to submit proposed findings of fact and a recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). By Order of May 23, 2007, Williams' cruel and unusual living conditions and retaliatory transfer claims were dismissed. Accordingly, the only remaining claim concerns Williams' allegation that he did not receive any medical care after he swallowed two razor blades on March 8, 2004. The undersigned conditionally filed the claim and granted Williams twenty days to particularize the facts of his claim. Williams filed his amended complaint on June 7, 2007. He seeks a total of $1,200,000 in damages.

By Order entered August 2, 2007, this action was again referred to the undersigned to submit a recommended disposition of Williams' final claim, pursuant to 28 U.S.C. § 636(b)(1)(B). This

---

[1] Williams filed these claims in a previous civil rights action, pursuant to 42 U.S.C. § 1983, on January 19, 2005. See Civil Case No. 7:05cv00025. However, he later filed a motion to voluntarily dismiss that case, which was granted on December 22, 2005.

matter is currently before the undersigned on defendant Harvey's motion for summary judgment and the remaining defendants' motions to dismiss.[2] The defendants contend that Williams' claim is untimely. The court notified Williams of defendants' motions as required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), and advised him that his failure to reply to the defendants' motions may result in dismissal and/or summary judgment being granted for the defendants. As Williams has filed responses to defendants' motions and the time allotted for any further response has expired, this matter is ripe for disposition.

Upon review of Williams' complaint, his amended complaint, and his attachments, the undersigned finds that Williams' complaint is untimely. Therefore, the undersigned recommends that defendant Harvey's motion for summary judgment and the remaining defendants' motions to dismiss be granted and Williams' complaint be dismissed.

## I.

On March 8, 2004, during his incarceration at Wallens Ridge State Prison, Williams claims that he swallowed two razor blades and that he placed a hanging noose on his cell vent. Sergeant Young and Lieutenant Farris responded to Williams' cell after observing the noose, but found him to be unresponsive. After Williams refused to be handcuffed, he was extracted from his cell with an electronic shield. On March 9, 2004, Williams was taken to the medical unit to have an x-ray, which, according to Williams, verified that two razors were in his abdomen. Thereafter, Williams alleges that he was placed in a mental health cell and placed on suicide watch with no mattress or pillow and only a safety blanket and smock. On March 10, 2004, he was given a mattress. On

---

[2] The court granted Williams' motion to voluntarily dismiss his claim against defendant Warden David Robinson by Order entered July 31, 2007. Accordingly, Kimberly Bays, Dr. Syed Ashan, K. David Jones, and Assistant Warden Harvey remain as defendants in this suit.

2

March 15, 2004, Williams claims that he was placed back in segregation without being x-rayed to ensure that the razors had passed through him. He alleges that he was never examined by a physician, given any medication or medical treatment, or taken to an outside hospital.

## II.

There is no federal statute of limitations applicable in § 1983 actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985); White v. Sun Life Assur. Co. of Canada, 488 F.3d 240 (4th Cir. 2007). Accordingly, § 1983 actions are governed by the state statute of limitations for general personal injury cases in the state where the alleged violations occur. Owens v. Okure, 488 U.S. 235, 239-41 (1989). Virginia has a two-year statute of limitations for general, personal injury claims.[3] Va. Code Ann. § 8.01-243(a). Therefore, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. Id. Furthermore, federal courts are "obligated not only to apply the analogous state statute of limitations to federal constitutional claims brought under § 1983, but also to apply the State's rule for tolling that statute of limitations." Scroggins v. Douglas, 760 F.2d 535, 537 (4th Cir. 1985) (citing Board of Regents v. Tomanio, 446 U.S. 478, 484-86 (1980)); see also Sherman v. Hercules, 636 F. Supp 305, 306 (W.D. Va. 1986) (holding that a federal court must apply Virginia's tolling and nonsuit statutory provisions).

However, the time of accrual of a cause of action under § 1983 is a federal question. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). Additionally, the Supreme Court of the United States has recently recognized that, although it had "never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, --- U.S. ----, 127 S. Ct. 1091, 1095 (2007). In Nasim,

---

[3] Wallens Ridge State Prison is located in Big Stone Gap, Virginia.

3

the United States Court of Appeals for the Fourth Circuit held that a cause of action under § 1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." 64 F.3d at 955. Moreover, an inmate's § 1983 action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Lewis v. Richmond City Police Dept., 947 F.2d 733, 735-36 (4th Cir. 1991). Accordingly, in § 1983 cases arising in Virginia, if an inmate has not delivered his complaint to prison officials for mailing within the two-year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.

After review of Williams' factual contentions, the undersigned finds that he is barred from bringing suit under § 1983 because his claim arose more than two years prior to the date the complaint was filed. Williams possessed sufficient facts about the alleged harm done to him in March of 2004 when the defendants allegedly denied him medical care for several days after he swallowed the two razor blades. As the undersigned has already observed, Williams filed his first complaint on January 19, 2005, but voluntarily dismissed that complaint on December 22, 2005, pursuant to Federal Rule of Civil Procedure 41(a)(2). Pursuant to Va. Code § 8.01-380, a voluntary nonsuit tolls the statute of limitations during the pendency of the nonsuited action. See Jack v. Wojcik, No. Civ.A. 3:00CV674, 2001 WL 34047421 at *3 (E.D. Va. Dec. 11, 2001), aff'd, 33 Fed. App'x 110 (4th Cir. 2002). William's voluntary dismissal under rule 41 parallels a voluntary nonsuit under Virginia law. However, for the action to be timely, it must be recommenced within six months after the nonsuit or within the original limitations period, whichever period is longer. See Va. Code § 8.01-229(E)(3). The original limitations period expired in March of 2006, two years after the

accrual of the cause of action. Accordingly, to avoid being time barred, Williams was required to recommence his action within six months of the December 2005 voluntary dismissal.[4] Williams submitted documents to this court that he signed and dated January 9, 2007; accordingly, the earliest date on which he could have filed his recommenced complaint is January 9, 2007.[5] Therefore, Williams' claim, which arose in March of 2004, is barred by the statute of limitations, is clearly no longer actionable under § 1983, and must be dismissed.[6,7]

---

[4] There is no precedent established by statute or case law providing that the applicable statute of limitations is tolled while an inmate plaintiff exhausts his administrative remedies. However, even if the time was tolled during exhaustion, Williams' claim would nevertheless be untimely. Williams filed his last grievance concerning the razors on February 18, 2006. Accordingly, if the statute of limitations was tolled from December of 2005, the date of voluntary dismissal, to February of 2006, while Williams exhausted his claim, he was still required to recommence his claim within six months of February of 2006. Williams failed to file his claim by August of 2006 and, thus, his claim would still be untimely.

[5] Williams' contention that the accrual of his cause of action was December of 2004 because he continued to complain about abdominal pain until that date is irrelevant. Even if the undersigned were to consider that date as the date of accrual, Williams would still have been required to recommence his suit by December of 2006, the original limitations period. He did not re-file until January of 2007.

[6] Assuming, arguendo, that Williams' complaint had been timely filed, his allegations would nevertheless fail to state a claim upon which relief may be granted as to this final claim. Williams has alleged no facts suggesting either a serious or significant physical injury stemming from the razor blade incident, see Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993), or a substantial risk of future harm. See Helling v. McKinney, 509 U.S. 25, 33 (1993); see also Alley v. Angelone 962 F. Supp. 827, 836 (E.D. Va. 1997) (finding that prisoners failed to state claim for cruel and unusual punishment, based on alleged denial of medical care, as they failed to allege injury that would give rise to claim of constitutional magnitude, where they failed to allege what medical treatment was required or denied, but rather, made only conclusory allegations). Moreover, Williams admittedly did not even request medical care. (Am. Compl. at 11.) Furthermore, medical records submitted by Williams indicate that Williams did receive medical attention. His abdomen was x-rayed on March 9, 2004, July 14, 2004, and December 15, 2004, and he was closely observed by the Wallens Ridge medical staff. Each test result indicated that the x-rays were normal.

[7] Williams appears to suggest several claims of ineffective assistance of counsel and a claim of judicial misstatement as cause for his failure to file within the requisite statute of limitations period. Accordingly, the undersigned will address the issue of equitable tolling. The undersigned must apply Virginia rules of equitable tolling. See Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999) (holding that, under a borrowed statute of limitations, state rules of equitable tolling apply). The undersigned cannot locate a doctrine of equitable tolling applicable to this case under Virginia law, either under statutory or common law. See, e.g., Resolution Trust Corp. v. Walde, 856 F. Supp. 281, 289 (E.D. Va. 1994) (finding that equitable tolling only applies in Virginia where the defendant has actually concealed his culpability and the fact of the injury). In Arrington v. Peoples Sec. Life Ins. Co., 458 S.E.2d 289, 290-91 (Va. 1995), the court held that "[s]tatutes of limitations are strictly enforced and exceptions thereto are narrowly construed. Consequently, a statute should be applied unless the General Assembly clearly creates an exception, and any doubt must be resolved in favor of the enforcement of the statute." There is, therefore, no basis for equitable tolling.

5

## III.

For the reasons stated above, the undersigned finds that Williams' claim is untimely. Therefore, the undersigned recommends that defendant Harvey's motion for summary judgment and the remaining defendants' motion to dismiss be granted and Williams' complaint be dismissed.

The Clerk is directed to immediately transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that, pursuant to Rule 72(b), they are entitled to note objections, if they have any, to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusions of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections, pursuant to 28 U.S.C. § 636(b)(1), as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by the reviewing court as a waiver of such objection.

Furthermore, the Clerk is directed to send a copy of this Report and Recommendation to Williams and all counsel of record.

**ENTER**: This 3rd day of December, 2007.

Hon. Michael F. Urbanski
United States Magistrate Judge